See, also, *Harris* v. *Wade* (61 N. Y., 630), as to insolvency of a person not a party, the object being to show that the contract was not made with him. The following cases are also cited by plaintiff's counsel, but I have not the means of verifying them. (*Garnier* v. *Renner*, 51 Ind., 372; *Strong* v. *Slicer*, 35 Verm., 40; *Baker* v. *Stone*, 36 Mo., 301.) Evidence in criminal cases is admitted to show that the prisoner had the means of committing the crime. (*People* v. *Larned*, 7 N. Y., 445; *People* v. *Myers*, 2 Hun, 6.)"

*Robert S. Hale*, for the appellant. *Waldo & Grover*, for the respondent.

Opinion by BOARDMAN, J.; LEARNED, P, J., and BOCKES, J., concurred.

Judgment affirmed with costs.

---

WILLIAM M. ROOSA, RESPONDENT, *v.* ISAAC E. SMITH AND ERNEST L. SMITH, APPELLANTS.

*Power of General Term to review evidence — when the finding of a referee will not be disturbed.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The court at General Term, after referring to the evidence adduced by the respective parties, and showing that it was contradictory, said:

" The referee has seen the parties and their witnesses and heard their testimony given before him *viva voce ;* he has estimated their frankness, honesty, intelligence, freedom from bias, and given credit or distrust as he thought in these respects the witnesses deserved; he has passed judgment upon their personal appearance, temper and manners while on the stand, and he has looked at all the reasonable probabilities suggested by his personal contact, so to speak, with the parties and witnesses and during their examination. From all this and more that is imperceptible and intangible upon appeal, the referee has made up his mind where the right and the truth lies, and given judgment accordingly. We are cited to *Godfrey* v.

*Moser* (66 N. Y., 252) to show us this finding is not conclusive upon us. We have never supposed that a finding of a referee without evidence, or clearly against a preponderance of evidence, was binding upon the General Term. But we think it very clear that a General Term cannot in a doubtful case upon conflicting evidence, like the one under review, assume the place of the referee and determine from the mere reading of the evidence who has told the truth, or is best entitled to credit. This would be imposing upon us a duty unsafe to exercise and dangerous in its ordinary use. It would make of a referee to try an issue simply a referee to report the testimony to this court, which in such cases would review nothing but the evidence, giving such a decision as in its judgment upon the evidence is just. We understand this court has the power to examine the evidence and the finding of facts in cases tried before a referee or the courts; that it has the power, and it is its duty, to interfere when facts have been found without evidence or clearly against evidence; but we do not understand it can be called on in doubtful cases upon conflicting evidence, depending upon the character and credibility of witnesses, to review and readjust the facts upon the evidence as it shall appear to it on paper."

*Nathaniel C. Moak,* for the appellants. *George H. Carpenter,* for the respondent.

Opinion by BOARDMAN, J., LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.